UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Land O'Lakes, Inc.,<br><br>                Plaintiff,<br>v.<br><br>Koss Industrial, Inc.,<br><br>                Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

For its Complaint against Defendant, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION**
**AND VENUE**

1.  Plaintiff Land O'Lakes, Inc. ("Land O'Lakes") is a Minnesota cooperative corporation with its principal place of business located in Arden Hills, Minnesota. Under 28 U.S.C. § 1332(c)(1), Land O'Lakes is a citizen of the State of Minnesota.

2.  Defendant Koss Industrial, Inc. ("Koss") is a Wisconsin corporation with its principal place of business located in Green Bay, Wisconsin. Under 28 U.S.C. § 1332(c)(1), Koss is a citizen of the State of Wisconsin.

3.  The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

4.  The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(2) based upon the complete diversity of citizenship between Land O'Lakes and Koss and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

5. The Court has personal jurisdiction over Koss under Wis. Stat. § 801.05 and the due process requirements of the United States Constitution.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

7. Land O'Lakes is engaged in the business of producing and distributing cheese and other dairy products. Land O'Lakes manufactures certain cheese products at its production facility located in Spencer, Marathon County, Wisconsin.

8. Koss is engaged in the business of manufacturing and distributing custom stainless steel processing equipment for cheese, dairy, food and other sanitary industries.

9. On or about September 22, 2023, Land O'Lakes and Koss entered into a contract known as a Short Form Equipment Agreement ("SFEA"). A true and correct copy of the SFEA, redacted to omit confidential information, is attached to this Complaint as Exhibit A.

10. Under the SFEA, Koss agreed to provide Land O'Lakes with the services and equipment necessary to replace the cheese grinder and related ground-cheese conveying system in Land O'Lakes' production facility in Spencer, Wisconsin. The new equipment that Koss agreed to supply included a block dumper (to dump large blocks of cheese into the grinder); a grinder; a curd blower system to convey the ground cheese; and electronic control systems to operate and control the equipment (collectively "the Equipment").

11. The total purchase price for the Equipment and related services under the SFEA was $706,820.00.

12. Under the terms of the SFEA, Koss made a number of warranties to Land O'Lakes, including the following:

    a. That the Equipment would be installed "so as to render the Equipment in a functional and operational manner." (SFEA § 8.1).

    b. That the Equipment would be "fit and sufficient for the intended use and application." (SFEA § 10.1).

    c. That the Equipment would be "merchantable, of good quality and free from defects, whether patent or latent in material or workmanship." (SFEA § 10.1).

    d. That the services performed by Koss would "be performed in a competent and workmanlike manner." (SFEA § 10.5).

    e. That all goods and services provided by Koss would be "of good quality free from defects, latent or patent, in material and workmanship;" "conform to all specifications, drawings, or descriptions;" and be "merchantable and suitable and sufficient for their intended purpose and for the particular purpose for which they are required by LOL [Land O'Lakes]." (SFEA § 10.5).

13. Koss completed the initial installation of the grinder and curd blower in early July 2024. Land O'Lakes began using the grinder and curd blower on or about July 8, 2024.

14. The grinder and curd blower immediately became clogged upon use. Koss thereafter made modifications to the grinder and blower, including adding wiper blades on the grinder to help move ground cheese into the curd blower.

15. During routine inspections on July 22 and 23, 2024, Land O'Lakes found metal fragments and dust on the quality-control magnet for its production line for finished products. An investigation determined that the metal fragments and dust were caused by the wiper blades rubbing against a metal screen inside the grinder and the grinder blades rubbing against the back wall of the grinder.

16. The metal fragments and dust contaminated and polluted the ground cheese and caused it to be unfit for human consumption. Land O'Lakes had to scrap approximately 142,050 pounds of ground cheese produced on July 22 and 23, 2024.

17. Koss made additional modifications to the grinder and blower to prevent them from creating metal fragments and dust. Koss also installed a new curd blower because it determined that the initial curd blower was undersized for the application.

18. Land O'Lakes resumed cheese production during late September 2024.

19. During a routine inspection on September 30, 2024, Land O'Lakes found metal shavings and dust on the quality-control magnet and filter for its production line for finished products. An investigation determined that the metal fragments and dust originated from the silencer attached to the blower.

20. The metal fragments contaminated and polluted the ground cheese and caused it to be unfit for human consumption. Land O'Lakes had to scrap approximately 116,300 pounds of ground cheese produced on September 30, 2024.

21. As a direct and proximate result of the contamination and pollution of its ground cheese on July 23 and 24 and September 30, 2024, Land O'Lakes incurred the

4

following losses:

| Item | Amount |
|---|---|
| July 2024 Product Loss | $ 244,505.00 |
| September 2024 Product Loss | $ 256,331.00 |
| Product Storage Costs | $ 42,378.00 |
| Product Disposal Costs | $ 8,623.00 |
| Additional Design and Installation Costs | $ 205,812.00 |
| Overtime Costs | $ 9,902.00 |
| Lost Absorption/Stranded Costs | $ 124,162.00 |
| Lost Margin From Downtime | $ 160,940.00 |
| Total | $1,052,653.00 |

22. On October 18, 2024, Land O'Lakes sent a formal letter to Koss notifying Koss of its breaches of contract and express and implied warranties and Land O'Lakes' resulting losses. A true and correct copy of Land O'Lakes' October 18, 2024, letter is attached to this Complaint as Exhibit B.

23. Despite Land O'Lakes' October 18, 2024, letter, and subsequent efforts to secure compensation, Koss has failed and refused to pay any of the losses incurred by Land O'Lakes.

24. Land O'Lakes has satisfied all conditions necessary to the enforcement of the SFEA and the commencement and prosecution of this case. Among other things, Land O'Lakes provided Koss with proper and timely notice of its claims and Koss' breaches of contract and warranty.

## COUNT I
## BREACH OF CONTRACT

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

25. Under the SFEA, Koss contracted and agreed as follows:

    a. That the Equipment would be installed "so as to render the Equipment in a functional and operational manner." (SFEA § 8.1).

    b. That the Equipment would be "fit and sufficient for the intended use and application." (SFEA § 10.1).

    c. That the Equipment would be "merchantable, of good quality and free from defects, whether patent or latent in material or workmanship." (SFEA § 10.1).

    d. That the services performed by Koss would "be performed in a competent and workmanlike manner." (SFEA § 10.5).

    e. That all goods and services provided by Koss would be "of good quality free from defects, latent or patent, in material and workmanship;" "conform to all specifications, drawings, or descriptions;" and be "merchantable and suitable and sufficient for their intended purpose and for the particular purpose for which they are required by LOL [Land O'Lakes]." (SFEA § 10.5).

26. Because the Equipment generated metal fragments and dust that contaminated and polluted Land O'Lakes' ground cheese and rendered it unfit for human consumption, Koss breached its contractual obligations to Land O'Lakes in a number of ways, including the following:

6

    a. The Equipment was not installed so as to render it in a functional and operational manner;

    b. The Equipment was not fit and sufficient for its intended use and application;

    c. The Equipment was not merchantable, of good quality and free from defects, whether patent or latent in material or workmanship;

    d. The services performed by Koss were not performed in a competent and workmanlike manner; and

    e. The goods and services provided by Koss were not of good quality free from defects, latent or patent, in material and workmanship, did not conform to all specifications, drawings, or descriptions and were not merchantable and suitable and sufficient for their intended purpose and for the particular purpose for which they were required by Land O'Lakes.

  27. As a direct and proximate result of Koss' breaches of contract, Land O'Lakes has incurred damages in excess of $1 million. Land O'Lakes is entitled to recover its damages from Koss.

  28. Land O'Lakes is also entitled to recover prejudgment interest and all of its costs and disbursements from Koss.

## COUNT II
## BREACH OF EXPRESS WARRANTIES

  Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further

states and alleges as follows:

29. Koss made a number of express warranties to Land O'Lakes regarding the Equipment, including the following:

    a. That the Equipment would be installed "so as to render the Equipment in a functional and operational manner." (SFEA § 8.1).

    b. That the Equipment would be "fit and sufficient for the intended use and application." (SFEA § 10.1).

    c. That the Equipment would be "merchantable, of good quality and free from defects, whether patent or latent in material or workmanship." (SFEA § 10.1).

    d. That the services performed by Koss would "be performed in a competent and workmanlike manner." (SFEA § 10.5).

    e. That all goods and services provided by Koss would be "of good quality free from defects, latent or patent, in material and workmanship;" "conform to all specifications, drawings, or descriptions;" and be "merchantable and suitable and sufficient for their intended purpose and for the particular purpose for which they are required by LOL [Land O'Lakes]." (SFEA § 10.5).

30. Land O'Lakes relied upon Koss' express warranties in entering into the SFEA and purchasing the Equipment and related services from Koss.

31. Koss' express warranties became part of the basis of the bargain between Land O'Lakes and Loss with respect to the sale and purchase of the Equipment and related services.

32. Because the Equipment generated metal fragments and dust that contaminated and polluted Land O'Lakes' ground cheese and rendered it unfit for human consumption, Koss breached its express warranties to Land O'Lakes in a number of ways, including the following:

    a. The Equipment was not installed so as to render it in a functional and operational manner.

    b. The Equipment was not fit and sufficient for its intended use and application.

    c. The Equipment was not merchantable, of good quality and free from defects, whether patent or latent in material or workmanship.

    d. The services performed by Koss were not performed in a competent and workmanlike manner.

    e. The goods and services provided by Koss were not of good quality free from defects, latent or patent, in material and workmanship, did not conform to all specifications, drawings, or descriptions and were not merchantable and suitable and sufficient for their intended purpose and for the particular purpose for which they were required by Land O'Lakes.

33. Land O'Lakes provided Koss with proper and timely notice of Koss' breaches of its express warranties.

34. As a direct and proximate result of Koss' breaches of its express warranties, Land O'Lakes has incurred damages in excess of $1 million. Land O'Lakes is entitled to recover its damages from Koss.

35. Land O'Lakes is also entitled to recover prejudgment interest and all of it costs and disbursements from Koss.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

36. Koss is a "merchant" with respect to the Equipment within the meaning of Section 2-104(1) of the Uniform Commercial Code ("Code").

37. As a merchant, Koss impliedly warranted that the Equipment would be "merchantable" under Section 2-314(a) of the Code.

38. The Equipment was not merchantable because it generated metal fragments and dust that contaminated and polluted Land O'Lakes' ground cheese and rendered it unfit for human consumption.

39. Land O'Lakes provided Koss with proper and timely notice of its breaches of the implied warranty of merchantability.

40. As a direct and proximate result of Koss' breaches of the implied warranty of merchantability, Land O'Lakes has incurred damages in excess of $1 million. Land O'Lakes is entitled to recover its damages from Koss.

41. Land O'Lakes is also entitled to recover prejudgment interest and all of its costs and disbursements from Koss.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR
## A PARTICULAR PURPOSE

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

42. Koss knew or had reason to know that Land O'Lakes was using the Equipment for a particular purpose, namely to produce ground cheese.

43. Koss knew or had reason to know that Land O'Lakes was relying on Koss' skill, judgment and expertise to furnish Land O'Lakes with Equipment that was suitable for producing ground cheese products.

44. Land O'Lakes relied upon Koss' skill, knowledge and expertise to furnish Land O'Lakes with Equipment that was suitable for producing ground cheese products.

45. Under Section 2-315 of the Code, Koss impliedly warranted that the Equipment would be fit for use to produce ground cheese products.

46. The Equipment was not fit for producing ground cheese because it generated metal fragments and dust that contaminated and polluted Land O'Lakes' ground cheese and rendered it unfit for human consumption.

47. Land O'Lakes provided Koss with proper and timely notice of its breaches of the implied warranty of fitness for a particular purpose.

48. As a direct and proximate result of Koss' breaches of the implied warranty of fitness for a particular purpose, Land O'Lakes has incurred damages in excess of $1 million. Land O'Lakes is entitled to recover its damages from Koss.

49. Land O'Lakes is also entitled to recover prejudgment interest and all of its costs and disbursements from Koss.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Land O'Lakes hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Land O'Lakes respectfully prays for this Court's judgment as follows:

1. Awarding Land O'Lakes damages against Koss in an amount to be proved at trial in excess of $1 million;

2. Awarding Land O'Lakes prejudgment interest as allowed by law;

3. Awarding Land O'Lakes all of its attorney fees, expert-witness fees, costs and disbursements; and

4. Granting Land O'Lakes all such other and further relief as the Court deems

just and equitable under the circumstances.

                                          LAND O'LAKES, INC.

Dated: January 26, 2026                By: s/Jonathan C. Miesen
                                               Jonathan C. Miesen
                                               Associate General Counsel-Litigation

                                               4001 Lexington Avenue North
                                               Arden Hills, Minnesota 55126
                                               Telephone: (651) 375-5985
                                               Facsimile:  (651) 234-0535
                                               E-mail: jcmiesen@landolakes.com

                                               Attorney for Plaintiff